UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHAW,<br><br>        Plaintiff,<br><br>    v.<br><br>SIMPSON, et al.,<br><br>        Defendants. | Case No. 15-cv-04906-PJH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 7, 9, 10 |

Plaintiff, a former state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed objections (Docket No. 6) to the screening order that he requests be construed as an amended complaint. The court will review plaintiff's filing.

## DISCUSSION

### I. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim

is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIMS

In the original complaint plaintiff alleged that he was denied access to the courts and defendants lied in declarations in a prior federal civil rights action.

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id*. at 354-55.

Destruction or confiscation of legal work may violate an inmate's right to access to

the courts, *see Vigliotto v. Terry*, 873 F.2d 1201, 1202 (9th Cir. 1989), if plaintiff can establish actual injury, *see Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989). A temporary deprivation of legal materials does not always rise to the level of a constitutional violation, however. *See Vigliotto*, 873 F.2d at 1202-03 (three days).

The allegations in the amended complaint are difficult to discern and a brief discussion of plaintiff's prior cases is necessary. In *Shaw v. California*, Case No. C 09-0077 CW, plaintiff's habeas petition was dismissed as unexhausted. In *Shaw v. Diaz*, Case No. C 13-1739 CW, plaintiff re-filed the habeas petition but it was dismissed as untimely. In *Shaw v. Chang*, Case No. C 13-2532 NC, plaintiff alleged that correctional officer Chang violated his right to access the court by confiscating plaintiff's legal papers with respect to the habeas petition in *Shaw v. California*, Case No. C 09-0077 CW. Summary judgment was granted to Chang in *Shaw v. Chang*, Case No. C 13-2532 NC.

In this case, plaintiff repeats the allegations against Chang, but this claim has already been denied on the merits. Plaintiff also names three defendants who worked with Chang and supplied declarations in the prior lawsuit, signed jail paperwork at the time of the incident, and denied inmate appeals. He argues that these defendants obstructed justice and denied plaintiff due process in the motion for summary judgment in the prior case. The exact nature of plaintiff's allegations is not clear. To the extent he disagrees with the evidence presented in the prior case, that fails to present a federal claim. To the extent that plaintiff disagrees with the dismissal with leave to amend, he must file a second amended complaint that addresses the deficiencies discussed in this order.

His allegation that these defendants lied in their declarations also fails to state a claim. A witness is absolutely immune from liability for his testimony in earlier state or federal court proceedings even if he committed perjury. *See Briscoe v. LaHue*, 460 U.S. 325, 329-46 (1983) (police officer witness at trial); *Burns v. County of King*, 883 F.2d 819 (9th Cir. 1989) (social worker preparing affidavit for use at bail revocation proceeding).

To the extent he challenges the denial of inmate appeals; he is not entitled to

3

relief because there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The amended complaint is dismissed but plaintiff will be provided an opportunity to amend. If plaintiff files a second amended complaint he must clearly present his claims and describe how defendants violated his constitutional rights.

## CONCLUSION

1. The motion to screen plaintiff's objections (Docket No. 10) is **GRANTED**. The motions for permission to appeal the dismissal with leave to amend (Docket No. 7) and for service Docket No. 9) are **DENIED**.

2. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed no later than **January 14, 2016**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 9, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge

\\CANDOAK\Data\Users\PJHALL\_psp\2015\2015_04906_Shaw_v_Simpson_(PSP)\15-cv-04906-PJH-_dwlta2.docx